**UNITED STATES of America**

v.

**Michael DELBUONO a/k/a Del**

**Michael Delbuono, Appellant.**

No. 08–3603.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Nov. 9, 2009.

Opinion filed: Dec. 18, 2009.

Joseph C. Santaguida, Esq. Philadelphia, PA, for Appellant.

Karen L. Grigsby, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Before: AMBRO, GARTH, and ROTH, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

Michael DelBuono appeals his sentence after he pled guilty to three offenses: (1) conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); (2) distribution of heroin in violation of 21 U.S.C. § 841(a)(1); and (3) distribution, and aiding and abetting the distribution, of heroin in violation of 21 U.S.C. § 842 and 18 U.S.C. § 2. DelBuono claims that the Court abused its discretion in considering the relevant sentencing factors under 18 U.S.C. § 3553(a) and that, in any event, his sentence was unreasonable. We disagree and thus affirm.

In October 2007, DelBuono was indicted by a federal grand jury. The indictment charged him with the crimes noted above, to all of which he pled guilty. This was an open plea, not pursuant to any written agreement with the Government. DelBuono does not challenge his plea nor the factual basis.

Prior to sentencing, the final Pre–Sentence Investigation Report was issued by

the assigned United States Probation Officer. It concluded that the advisory Guidelines range was 188 to 235 months' incarceration. At that time, the Government submitted a Sentencing Memorandum that asked the District Court to impose a sentence within the advisory range. In August 2008, two days before the sentencing hearing, DelBuono asked for a sentence at the bottom of the Guidelines range. Through his counsel, he submitted to the Court numerous letters of support from members of the community where he lived.

On examination, the Government concluded that at least some of the letters of support were fraudulently created by DelBuono's sister. This was determined in part through recordings of DelBuono's telephone conversations at the Federal Detention Center in Philadelphia. The Government then prepared a Motion for Upward Variance, which it filed immediately prior to the sentencing hearing. The District Court asked the Government and DelBuono whether either wanted a continuance for purposes of responding, but DelBuono and counsel stated that they were prepared to proceed. Later in the hearing, the Government withdrew its Motion for Upward Variance and instead argued for a sentence at the high end of the Guidelines range based in part on the submission of fraudulent letters. The Court specifically stated that it would ignore the allegedly fabricated letters themselves, but would take into consideration DelBuono's apparent approval and encouragement of their creation. The Court also stated that it would pay "respectful attention" to letters that were signed and appeared genuine. Finally, during argument by counsel for DelBuono, the Court specifically noted that it would take into consideration the factors in § 3553(a).

After argument, DelBuono was sentenced to 230 months' imprisonment. The District Court stated its reasoning on the record, taking care to discuss the factors under § 3553(a). The Court stated that it had intended to sentence DelBuono at the bottom of the Guidelines range, but in light of the presentation of false letters with DelBuono's encouragement, it sentenced him at the top of the range. He now appeals that sentence.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. To the extent DelBuono contends that his sentence was imposed in violation of law, we have jurisdiction under 18 U.S.C. § 3742.

We review a sentence under a deferential abuse-of-discretion standard. *United States v. Jones,* 566 F.3d 353, 366 (3d Cir.2009) (*citing Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)). We first ensure that the District Court committed no significant procedural error in arriving at its decision; second, we review the substantive reasonableness of the sentence. *Id.* (citation omitted).

The only question appealed by DelBuono is whether the District Court was unreasonable in sentencing him to 230 months' imprisonment and whether such a sentence was greater than necessary to account for all sentencing factors in § 3553(a).[1] Specifically, he argues that the Court "failed to give relevant factors the significant weight that should have been afforded those factors," such as his

---

1. We note that it is unclear whether DelBuono is asserting significant procedural error by the Court in arriving at its decision. While he cites to legal authority that establishes the need for procedural reasonableness, he does not assert any particular procedural error and instead contends that the sentence "simply reflected the Court's frustration with [his] prior criminal record." (*See* Appellant's Br. 4, 6.) Even if DelBuono does assert procedural error, we see no such error here.

"horrific upbringing," his "lower intellectual ability," and his "most obvious drug abuse that went untreated." He also draws attention to the fraudulent letters, arguing that the Court improperly considered them after the Government withdrew its motion for an upward variance. We see no abuse of discretion.

While a district court need not discuss and make findings as to each § 3553(a) factor[2] if the record makes clear it took the factors into account in sentencing and gave them meaningful consideration, here the Court systematically went through the various factors. It specifically considered the history and characteristics of DelBuono, noting that although he had problems growing up, he is "a smart, grown-up man [who] should [have] known better." It also noted that he apparently never tried to get a legitimate job, and upon his release from prison for a prior offense, he went "back to leading a heroin distribution gang." He "show[ed] no inclination to change his ways ... [, as] he's had a third, fourth, and fifth chance." With respect to the nature and circumstances of the offense, the Court noted that DelBuono was the leader of the gang, "not just a street follower." It also noted that there was no need for drug rehabilitation. DelBuono's counsel, the same attorney who represents him on appeal, conceded at sentencing that DelBuono was "obviously" not a drug addict and "ha[d]n't been for a while." He also conceded that there was nothing in the record to suggest that the prior drug offenses were the result of a personal need for drugs instead of a need for money.

The Court considered DelBuono's arguments whether 10, 12, or 13 years would be sufficient to send a message to the community, and it concluded that a longer sentence would "keep[ ] the community safe while he's put away" and thereby protect the public from further crimes by DelBuono. The Court also considered the rehabilitative purposes of the sentence from a vocational standpoint, emphasizing that the sentence imposed would "give [DelBuono] a chance to develop a career, get a job in prison and learn how to do something and earn money legally, which will be something new and novel for [him] when [he] get[s] out." It considered as well the other kinds of sentences available,

2. The section reads in pertinent part as follows:

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...

....

(5) any pertinent policy statement ... issued by the Sentencing Commission ... [;]

....

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

and concluded imprisonment was necessary. Comparing the sentences of his co-defendants and other defendants with similar records and similar conduct, the Court did not believe there would be any unwarranted sentence disparity, noting that some disparity was warranted due to Del-Buono's ringleader position.

With respect to the letters, the Court based its conclusion not on the Government's withdrawn motion for an upward variance, but instead on the argument at the sentencing hearing and its own findings that the submission of fraudulent letters of support "is a contempt of court that deserves to be taken into consideration." It added: "Fortunately, I'm not completely stupid, and I recognized some of them that I had time to read as fake." It later concluded: "[Y]ou certainly encouraged your sister and allowed her to think she was doing something to help you, rather than something that would harm you." DelBuono and his counsel did not contest this. All of these statements were in the context of the sentence colloquy and were part of the Court's conclusions on the characteristics of DelBuono.

In short, we believe the Court adequately addressed the § 3553(a) factors and "set forth enough to satisfy [us] that [s]he has considered the parties' arguments and has a reasoned basis for exercising [her] own legal decisionmaking authority." *Jones,* 566 F.3d at 366 (citations omitted). After noting these factors, the Court imposed a sentence within the Guidelines range of 188–235 months.

If the sentence "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors," we affirm. *Jones,* 566 F.3d at 366 (citation omitted). Here, the District Court sentenced DelBuono to a substantively reasonable term of 230 months' imprisonment. We thus affirm.